# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

JAMES R. YOUNG,

     **Plaintiff,**

v.                         **Case No: 5:18-CV-509-OC-02PRL**

UNITED STATES OF AMERICA, A
GANNON, S BETANCOURT, FNU
THORNE, JOHN / JANE DOE,
MANUEL OCASIO and C. STOTTOTH,

     **Defendants.**

_____

## ORDER

Plaintiff, James R. Young, proceeding *pro se*, is currently incarcerated at FCC Coleman Medium, and has previously been granted leave to proceed *in forma pauperis* (Doc. 10). The case is before the Court for screening pursuant to the Prison Litigation and Reform Act (PLRA). The PLRA directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court must liberally construe a *pro se* plaintiff's allegations.[2]

## Claims

In his Second Amended Complaint, Young sues the United States of America,

---

[1] See 28 U.S.C. §§ 1915A, 1915(e)(2).

[2] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

S. Betancourt (A.S.O.E.), A. Gannon (Education Department), C. Stottoth (Officer), Thorne (SIS Investigation Officer), John/Jane Doe (SIS Officer), and Manuel Ocasio (Warden), for alleged wrongdoing during his incarceration at Coleman Medium. (Doc. 21). Young claims his "rights are being violated pursuant to the 5th Amendment under (due process) because he has a right to his own property; and under the 8th Amendment pursuant to the protections from (unusual punishment) because he also has a right to be protected from 'theft,' at any capacity of incarceration, by an officer of the BOP." Id. at 5. Young claims that on July 21, 2016, Defendant Betancourt supervised a search of the inmates in the library typing room. Id at 6. Defendant Gannon searched Young and confiscated six personal photos – three of an adult woman and three of a five year old child. Id. Young states that the photographs are in the possession of the Education Department, but Defendant Betancourt refused to give him a property confiscation slip. Id.

Young describes his injury as follows:

> The sustained injury in this matter of complaint is comparable to "civil injury" or "malicious injury."
> Plaintiff's injury in this instance is the 'theft' of his property by the act of [theft] by officers, and his psychological abuse caused by the staff in Plaintiff's attempts to reverse the 'theft' and the misappropriation of his property. [e.g. – Just because an officer may have the same shoe size as an inmate under his/her authority, that doesn't mean that officer can also have or take the inmate's for his/her own taking or purposes].
> When this does happen [no matter the property], the result of the abuse of authority in that matter and the 'theft' itself, it is classified as an injury to the inmate victim.

Id. at 11. (Alterations in original).

For relief, Young requests the following:

Based on the foregoing, as requested relief Plaintiff requests: Punitive damages – (1) Punitive Damages are available in a Section 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Both of these results now exist here in this case. Plaintiff requests that $25,000 from each defendant for punitive damages proceed against each defendant in their individual capacities; (2) Plaintiff requests that his claims for civil & criminal theft [$10,000 – damages] and conversion proceed against defendant Gannon in his individual capacity [Pursuant to <u>Bivens</u>]; (3) Plaintiff requests that his claims for civil & criminal theft [$10,000 damages] proceed against defendants Betancourt, Thorne, Stottoth, The One Unknown SIS Ofc., and the Warden in their individual capacities [pursuant to <u>Bivens</u>]; (4) Plaintiff requests that his claims against the defendant The United States of America in the Official capacity [$10,000 damages] be allowed to proceed pursuant to the FTCA; (5) Plaintiff requests that his claims against defendant [Warden Ocasio] [$100,00 damages] in his supervisory capacity be allowed to proceed; (6) that Plaintiff's claims for declaratory and injunctive relief be also granted and that he be awarded his sum certain claimed amount against each defendant involved in the case after trial by Jury.

<u>Id.</u>

### Prison Litigation Reform Act

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act ("PLRA"). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Failure to state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6). <u>Alba v. Montford</u>, 517 F.3d 1249 (11th Cir. 2008), <u>Mitchell v. Farcass</u>, 112 F.3d 1483,

1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

The PLRA places substantial restrictions on the judicial relief that prisoners can seek with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act

The Eleventh Circuit has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. See Harris v. Garner (Harris II), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc).

To satisfy § 1997e(e), a prisoner must assert physical injury that is more than *de minimis*,[3] but the injury does not need to be significant. See Thompson v. Sec'y, Fla.

---

[3] Although the Eleventh Circuit has not adopted a definition of "de minimus" under § 1997e, one court has described it as "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional." Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555 n. 3 (11th Cir. 2014) (citing Luong v. Hatt, 979 F. Supp. 481 (N.D. Tex. 1997)).

Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007). Despite § 1997e(e)'s limitation, successful constitutional claimants who lack a physical injury may still recover nominal damages. See Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."). Young does not allege to have suffered any physical injury nor claims to have been sexually assaulted. Therefore, Young has failed to state a claim upon which compensatory and punitive relief can be granted.

## Federal Tort Claims Act (FTCA) Claim

The FTCA provides a limited waiver of sovereign immunity for actions against the United States involving, *inter alia*, "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Tisdale v. United States, 62 F.3d 1367, 1370-71 (11th Cir. 1995). The United States is the only permissible defendant in an FTCA action. See 28 U.S.C. § 2679(b)(1) (the FTCA remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim"). Statutory waivers of sovereign immunity must be construed strictly in favor of the sovereign. Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). "The

- 5 -

United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980). Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United States." Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1156 (5th Cir. 1981).

The United States has not waived its sovereign immunity with respect to lawsuits for the detention and destruction of property. Specifically, the limited waiver of the FTCA does not apply to "any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). The Supreme Court has found that "law enforcement officer" under this section includes Bureau of Prisons' officials. Ali v. Federal Bureau of Prisons, 552 U.S. 214, 220-21 (2008). In Ali, the plaintiff's duffle bags arrived at his new prison with items missing. He subsequently filed a complaint arguing that Section 2680(c) does not affect the waiver of sovereign immunity for his property claim against officers of the BOP. The Supreme Court held that the phrase "law enforcement officer" covers all law enforcement officers and affirmed the Eleventh Circuit Court of Appeals' judgment upholding the dismissal of his claim. Id. at 228.

Accordingly, Young's claim under the FTCA for the confiscation of his photographs is not cognizable.

## Due Process Claim

Young claims that his due process rights were violated by the "theft" of his property by prison staff. There is no due process violation when Congress has provided an adequate post-deprivation remedy for the unauthorized acts of a federal employee. See 31 U.S.C. § 3723(a)(1);[4] Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process was not violated by government official's intentional deprivation of property, provided that a meaningful post-deprivation remedy was available).

## Eighth Amendment

The Eighth Amendment prohibits cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 318 (1986). The Supreme Court has held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson v. McMillian, 503 U.S. 1, 5 (1992); a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Wilson, 501 U.S. at 297

---

[4] Federal agencies have authority under 31 U.S.C. § 3723(a)(1) to settle certain "claims for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment."

(internal quotation marks, emphasis, and citations omitted). The confiscation of Young's property fails to meet this standard.

## Conclusion

Upon due consideration, Young's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on April 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Pro Se Party